```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
                       BEAUMONT DIVISION
```

| | | |
|---|---|---|
| JEREMIE M. HAMILTON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv157 |
| HUTCHINS STATE JAIL, ET AL. | § | |

### MEMORANDUM OPINION REGARDING VENUE

Plaintiff Jeremie M. Hamilton, an inmate confined at the Larry Gist State Jail, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Hutchins State Jail, the Dawson State Jail, the Larry Gist State Jail, the Walls TDCJ Corporation, and the University of Texas Medical Branch.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff alleges he has been denied anti-rejection medication made necessary as a result of his heart transplant. Additionally, plaintiff claims he was denied appropriate medical treatment by the University of Texas Medical Branch.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C.

§ 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Hutchins State Jail and the Dawson State Jail, both located in Dallas County, Texas. Additionally, plaintiff complains of incidents which occurred at the Walls Unit in Walker County, Texas and the University of Texas Medical Branch in Galveston County, Texas. Further, the defendants are located in Dallas County, Texas; Walker County, Texas; and Galveston County, Texas, respectively. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Dallas County is in the Dallas Division of the Northern District of Texas. As Dallas County is located in the Northern District of Texas, venue for claims against the Hutchins State Jail and the Dawson State Jail in the Eastern District of Texas is not proper. Additionally, both Walker and Galveston Counties are located in the Southern District of Texas; thus, venue in the Eastern District of Texas is not proper for

2

plaintiff's claims against the Walls TDCJ Corporation and the University of Texas Medical Branch.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims in this action for which venue is improper should be severed and transferred to the Northern and Southern Districts of Texas. Plaintiff's claim against the Larry Gist State Jail should remain in this action. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   4   day of _____April_____, 2008.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE