IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEREMIE M. HAMILTON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv157 |
| LARRY GIST STATE JAIL | § | |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jeremie M. Hamilton, an inmate at the Stiles Unit, proceeding *pro se*, brought the above-styled action pursuant to 42 U.S.C. § 1983 against the Larry Gist State Jail.[1]

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed without prejudice for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge's recommendation for dismissal was based on plaintiff's failure to exhaust the administrative remedy procedure prior to filing his complaint. Plaintiff objects, asserting

---

[1] Plaintiff also named as defendants the Hutchins State Jail, the Dawson State Jail, the Walls TDCJ Corporation, and the University of Texas Medical Branch. However, the claims against these defendants were severed and transferred to other courts where venue is proper.

that he filed a step one grievance and "has gone up the chain of command" by writing to the O.I.G. and Internal Affairs and by speaking to the warden.

After careful consideration, the court concludes plaintiff's objections are without merit. Pursuant to legislative mandate, TDCJ has implemented an inmate grievance plan. *See* 37 TEX. ADMIN. CODE ANN. § 283.3 (West 2006); *Days,* 322 F.3d at 865 n. 2 (quoting *Wendell v. Asher,* 162 F.3d 887, 891 (5th Cir. 1998)); *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir.1999). The inmate grievance procedure consists of a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their placement within the corrections system. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK (2002); *see also* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK (2004), *available at* http:/www.tdcj.state.tx.us/publications/cid/offendorienthbknov04.pdf. "The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility." *Johnson,* 385 F.3d at 515; *accord Texeira v. Cockrell,* No. SA03-CA-0033-RF, 2003 WL 22143273, at *3 (W.D.Tex. July 17, 2003); *see also Wendell,* 162 F.3d at 891. "After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level." *Johnson,* 385 F.3d at 515; *accord Wendell,* 162 F.3d at 891. "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." *Johnson,* 385 F.3d at 515; *see also Wright,* 260 F.3d at 358.

As the magistrate judge observed, the complaint itself makes clear plaintiff failed to exhaust administrative remedies prior to filing this action. Plaintiff complains of an incident which occurred on March 16, 2008 and filed his complaint two days later. Additionally, plaintiff completed the section of the standardized complaint form, including answering that he had not exhausted both steps

of the grievance procedure before filing this complaint. As plaintiff did not exhaust both steps of the available grievance procedure, the complaint should be dismissed for failing to state a claim upon which relief may be granted.[2] Further, plaintiff's complaint is without merit.

Plaintiff seeks monetary damages against the Larry Gist State Jail as the defendant in this action. However, the Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The Larry Gist State Jail, as an arm of the state, is not a "person" for purposes of liability under 42 U.S.C. § 1983. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 (1989), the Supreme Court held that neither a state nor a state official is a "person" for purposes of liability under 42 U.S.C. § 1983. "As an instrumentality of the state, the TDCJ-ID is immune from a suit for money damages under the Eleventh Amendment. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). Thus, plaintiff's claim should be dismissed.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **23** day of **May, 2008.**

_____
Ron Clark, United States District Judge

---

[2] While the failure to exhaust is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), because the complaint itself makes clear in this case that plaintiff failed to exhaust, the court can dismiss the case prior to service on the defendants for failure to state a claim. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).